## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABHIJIT BAGAL, | Civil Action No.: 3:24-cv-11440-ZNQ-JBD |
| Plaintiff, | |
| v. | Motion Date: April 21, 2025 |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, *et al.*, | |
| Defendants. | *Document Filed Electronically* |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLANTIFF'S AMENDED COMPLAINT

DanaLynn T. Colao, Esq.
(dcolao@saiber.com)
Jeffrey Soos, Esq.
(jsoos@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
*Attorneys for Defendants*

# **Table of Contents**

PRELIMINARY STATEMENT ...............................................................1

No Subject Matter Jurisdiction Under Rule 12(b)(1)..........................2

Failure to State a Claim Under Rule 12(b)(6) .....................................4

STATEMENT OF FACTS ......................................................................6

ARGUMENT .........................................................................................11

I.  APPLICABLE LEGAL STANDARDS......................................11

A.  12(b)(1) – Subject Matter Jurisdiction........................................11

B.  12(b)(6) – Failure to State a Claim upon Which Relief Can Be Granted...13

II.  THE COURT SHOULD DISMISS ALL COUNTS BECAUSE IT LACKS SUBJECT MATTER JURISDICTION.....................................14

A.  Plaintiff's Claims Fail Because Plaintiff Lacks Standing............................14

B.  Plaintiff's Claims Fail Because They Are Moot...........................18

C.  Plaintiff's Claims Fail Because They Are Not Ripe....................................19

III.  THE FAC FAILS TO COMPLY WITH RULE 8 .......................21

A.  Improper Group Pleading.............................................................21

B.  Failure to Plead a Short and Plain Statement...............................23

IV.  PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)....24

A.  Plaintiff's Title VI Claim Fails As a Matter of Law (Count One).............24

B.  Plaintiff's Free Exercise Clause Fails as a Matter of Law (Count Two)....26

C.  Plaintiff's Establishment Clause Claim Fails As a Matter of Law (Count Three).......................................................27

D.  Plaintiff's Equal Protection Clause Claim Fails as a Matter of
    Law (Count Four)..................................................................................29

E.  Plaintiff's Due Process Clause Claim Fails as a Matter of
    Law (Count Five) ................................................................................31

F.  Plaintiff's 42 U.S.C. §1985(3) Claim Fails As a Matter of
    Law (Count Six)...................................................................................32

G.  Plaintiff's 42 U.S.C. §1981 Contract Claims Fail As a Matter
    of Law (Count Seven).........................................................................33

H.  Plaintiff's NJLAD Claim Fails As a Matter of Law (Count Eight)............37

CONCLUSION ......................................................................................40

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. Gardner,*
  387 U.S. 136 (1967)......................................................................................19, 20

*Abbott v. Perez,*
  585 U.S. 579 (2018).............................................................................................30

*Anjelino v. New York Times Co.,*
  200 F.3d 73 (3d Cir. 1999) ................................................................................36

*Archie v. Mercer Cnty. Courthouse,*
  No. 19-20976, 2023 U.S. Dist. LEXIS 244765 (D.N.J. Mar. 7,
  2023) ....................................................................................................................24

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)........................................................................................13, 14

*Bagal v. Sawant, et al.,*
  No. 23-721, 2024 U.S. Dist. LEXIS 41290 (D. Wash. Mar. 8,
  2024) ....................................................................................................................10

*Bagal v. Sawant, et al.,*
  No. 24-1488, 2025 U.S. App. LEXIS 1257 (9th Cir. Jan. 21, 2025) ................11

*Ballentine v. United States,*
  486 F.3d 806 (3d Cir. 2007) ..............................................................................11

*Barker v. Our Lady of Mount Carmel Sch.,*
  No. 12-4308, 2016 U.S. Dist. LEXIS 118067 (D.N.J. Sept. 1,
  2016) ....................................................................................................................34

*Barnes Found. v. Twp. Of Lower Merion,*
  242 F.3d 151 (3d Cir. 2001) ..............................................................................33

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................13, 37

*Bhombal v. Irving Indep. Sch. Dist.*,
    809 F. App'x 233 (5th Cir. 2020) ....................................................26

*Brown v. Phila. Hous. Auth.*,
    350 F.3d 338 (3d Cir. 2003) ...........................................................12

*Brumfield v. Atl. City Hous. Auth.*,
    21-cv-16061, 2025 U.S. Dist. LEXIS 9150 (D.N.J. Jan. 17, 2025) ..................33

*Campbell-Ewald Co. v. Gomez*,
    577 U.S. 153 (2016)......................................................................19

*Child.'s Health Def., Inc. v. Rutgers*,
    93 F.4th 66, 76 (3d Cir. 2024) .......................................................35

*City of Pittsburgh v. W. Penn Power Co.*,
    147 F.3d 256 (3d Cir. 1998) ...........................................................11

*Clark v. Winslow Twp. Bd. of Educ.*,
    No. 10-4342, 2011 U.S. Dist. LEXIS 12981 (D.N.J. Feb. 9, 2011)..................35

*Common Cause v. Pennsylvania*,
    558 F.3d 249 (3d Cir. 2009) ...........................................................16

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006)......................................................................13

*Davis v. Mothers Work, Inc.*,
    No. 04-3943, 2005 U.S. Dist. LEXIS 15890 (E.D. Pa. Aug. 4,
    2005) ......................................................................................36

*De Leon v. Nat'l Coll. of Bus. & Tech.*,
    663 F. Supp. 2d 25 (D.P.R. 2009) ...................................................25

*Doe v. Princeton Univ.*,
    No. 21-20264, 2023 U.S. Dist. LEXIS 33509 (D.N.J. Feb. 28,
    2023) ......................................................................................39

*Domino's Pizza, Inc. v. McDonald*,
    546 U.S. 470 (2006)......................................................................34

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    261 F. Supp. 2d 293 (S.D.N.Y. 2003) ................................................8

*Eprotec Pres., Inc. v. Engineered Materials, Inc.*,
No. 10-5097, 2011 U.S. Dist. LEXIS 24231 (D.N.J. Mar. 9, 2011) ............34, 37

*Erickson v. Pardus*,
551 U.S. 89 (2007) ....................................................................................21

*Finkelman v. NFL*,
810 F.3d 187 (3d Cir. 2016) .....................................................................17

*Ford v. S.E. Pennsylvania Transp. Auth.*,
374 F. App'x 325 (3d Cir. 2010) ..............................................................35

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ...............................................................13, 24

*Fraser v. Nationwide Mut. Ins. Co.*,
352 F.3d 107 (3d Cir. 2003) .....................................................................11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*,
528 U.S. 167 (2000)............................................................................16, 19

*Galicki v. New Jersey*,
No. 14-169, 2015 U.S. Dist. LEXIS 84365 (D.N.J. June 29, 2015) ............21, 22

*Globe Motor Co. v. Igdalev*,
139 A.3d 57 (2016)..................................................................................34

*Glover v. FDIC*,
698 F.3d 139 (3d Cir. 2012) .....................................................................21

*Griffin v. Breckenridge*,
403 U.S. 88 (1971)...................................................................................33

*Griggs v. Duke Power Co.*,
401 U.S. 424 (1971)................................................................................25

*Haas v. Pittsburgh Nat'l Bank*,
526 F.2d 1083 (3d Cir. 1975) ..................................................................16

*Hartnett v. Pa. State Educ. Ass'n*,
963 F.3d 301 (3d Cir. 2020) .....................................................................18

*Health Def., Inc. v. Rutgers*,
    93 F.4th 66 (3d Cir. 2024) ...................................................................35

*Hoffman Estates v. Flipside, Hoffman Estates*,
    455 U.S. 489 (1982)...............................................................................31, 32

*Jennings v. Emry*,
    910 F.2d 1434 (7th Cir. 1990) ...........................................................21

*Jones v. Ewing Twp. Bd. of Educ.*,
    No. 3:09-cv-3536, 2010 U.S. Dist. LEXIS 119029 (D.N.J. Nov. 9, 2010) .....................................................................................................38

*Karupaiyan v. Naganda*,
    No. 21-2560, 2022 U.S. App. LEXIS 3170 (3d Cir. Feb. 3, 2022).............21, 24

*Kolender v. Lawson*,
    461 U.S. 352 (1983)...............................................................................31

*L.W. v. Toms River Reg'l Schs. Bd. of Educ.*,
    915 A.2d 535...........................................................................................38

*Larson v. Valente*,
    456 U.S. 228 (1982)...............................................................................28

*Lee v. Weisman*,
    505 U.S. 577 (1992)...............................................................................28

*Lemon v. Kurtzman*,
    403 U.S. 602 (1971)...............................................................................28

*Lewis v. Casey*,
    518 U.S. 343 (1996)...............................................................................16

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002) ...............................................................8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...............................................................................12, 15, 18

*M.H. v. C.M.*,
    No. 3:20-cv-01807, 2020 U.S. Dist. LEXIS 199534 (D.N.J. Oct. 20, 2020) ...................................................................................................38

*Marchisotto v. Malik*,
No. 20-20426, 2022 U.S. Dist. LEXIS 114921 (D.N.J. June 29, 2022) ............................................................................................4, 23

*McGovern v. City of Philadelphia*,
554 F.3d 114 (3d Cir. 2009) ...........................................................35

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)........................................................................13

*N.J. Tpk. Auth. v. Jersey Cent. Power & Light*,
772 F.2d 25 (3d Cir. 1985) .............................................................12

*Nabelsi v. Holmdel Twp.*,
No. 20-20702, 2021 U.S. Dist. LEXIS 228910 (D.N.J. Nov. 30, 2021) ...............................................................................................22

*Nat'l Park Hosp. Ass'n v. Dep't of Interior*,
538 U.S. 803 (2003)........................................................................13

*Neale v. Volvo Cars of N. Am., LLC*,
794 F.3d 353 (3d Cir. 2015) ...........................................................16

*Okituamah v. Richard O'Meara & Rutgers*,
No. A-2001-21, 2023 N.J. Super. Unpub. LEXIS 1491 (App. Div. Aug. 30, 2023) ...........................................................................38, 39

*Papachristou v. City of Jacksonville*,
405 U.S. 156 (1972)........................................................................31

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) ...........................................................7

*In re Philips/Magnavox TV Litig.*,
No. 09-3072, 2010 U.S. Dist. LEXIS 91343 (D.N.J. Sept. 1, 2010)....................7

*Pietrangelo v. NUI Corp.*,
No. 04-3223, 2005 U.S. Dist. LEXIS 40832 (D.N.J. July 18, 2005) ................22

*Pollack v. Quick Quality Rests., Inc.*,
172 A.3d 568 (N.J. App. Div. 2017) ...............................................34

*Ramirez v. STi Prepaid LLC*,
    644 F. Supp. 2d 496 (D.N.J. 2009) ...................................................17

*Rich v. New Jersey*,
    No. 14-2075, 2015 U.S. Dist. LEXIS 61683 (D.N.J. May 12, 2015) ...............35

*Rogers v. New Jersey*,
    No. 2:23-cv-12561, 2024 U.S. Dist. LEXIS 114709 (D.N.J. June 28, 2024) .....................................................................8

*Roper v. Van Mater*,
    No. 10-2229, 2011 U.S. Dist. LEXIS 131465 (D.N.J. Nov. 15, 2011) ............................................................35

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
    678 F.3d 235 (3d Cir. 2012) ......................................................11

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
    873 F.3d 905 (Fed. Cir. 2017) ....................................................14

*Sheeran v. Blyth Shipholding S.A.*,
    No. 14-5482, 2015 U.S. Dist. LEXIS 168019 (D.N.J. Dec. 16, 2015) ...........................................................22

*Sheng-Wen Cheng v. Byrd*,
    No. 24-5345, 2024 U.S. Dist. LEXIS 148974 (D.N.J. Aug. 20, 2024) ...........................................................22

*Sherbert v. Verner*,
    374 U.S. 398 (1963).................................................................27

*Stratechuk v. Bd. of Educ.*,
    587 F.3d 597 (3d Cir. 2009) ......................................................28

*Texas v. United States*,
    523 U.S. 296 (1998)...............................................................20

*Trinity Lutheran Church of Columbia, Inc. v. Comer*,
    582 U.S. 449 (2017)...............................................................19

*TriPlay, Inc. v. WhatsApp Inc.*,
    No. 13-1703, 2018 U.S. Dist. LEXIS 49953 (D. Del. Mar. 27, 2018) ............................................................14

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*,
  429 U.S. 252 (1977)................................................................29, 30

*In re: Westinghouse Sec. Litig.*,
  90 F.3d 696 (3d Cir. 1996) .............................................................21

*Wisconsin v. Yoder*,
  406 U.S. 205 (1972)........................................................................27

*Zinman v. Nova Se. Univ.*,
  No. 21-cv-60723, 2021 U.S. Dist. LEXIS 165341 (S.D. Fl. Aug.
  30, 2021) .........................................................................................26

**Statutes**

42 U.S.C. §1981 ......................................................33, 34, 35, 36

42 U.S.C. §1981(a) ...........................................................................34

42 U.S.C. §1981(a) and (b) ..............................................................33

42 U.S.C. §1985(3) .....................................................................32, 33

42 U.S.C. § 2000d et seq..................................................................25

Civil Rights Act ..................................................................................4

Civil Rights Act Title VI..........................................................passim

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .......................................................................1

Fed. R. Civ. P. 8(a)(2), (d)(1) .....................................................4, 21

Fed. R. Civ. P. 23 .............................................................................16

Fed. R. Evid. 201 ...............................................................................8

Rule 8 ..........................................................................................21, 22

Rule 12(b)(1)...........................................................................2, 8, 9, 11

Rule 12(b)(6).......................................................................4, 13, 24

U.S. CONST. amend. I ....................................................................................26, 27

U.S. CONST. amend. I, XIV ...................................................................................10

U.S. CONST. amend. XI ...........................................................................................35

U.S. CONST. amend. XIV ..................................................................................29, 31

U.S. CONST. art. III., § 2, cl. 1. ...............................................................................18

## PRELIMINARY STATEMENT

Plaintiff's *pro se* First Amended Complaint ("FAC") – alleging various claims under Title VI of the Civil Rights Act, the First Amendment, the Fourteenth Amendment, 42 U.S.C. §1985(3) and §1981, common law breach of contract, and the New Jersey Law Against Discrimination – is anything but a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Rather, the rambling 50-page, 231-paragraph missive – complete with a banner in bold italics on top of each of its 50 pages[1] – reads more like an airing of grievances about a particular Rutgers University professor (defendant Audrey Truschke) and a number of organizations and individuals with no connection to the University – than a legitimate federal pleading. As shown in detail below, this matter should be dismissed in its entirety with prejudice because there are no factual, legal, or equitable bases for the claims Plaintiff purports to assert.

The crux of Plaintiff's FAC against all Defendants[2] is his apparent disagreement with an August 2024 report entitled "Caste-Based Discrimination in

---

[1] "***Stop Weaponization of Caste to Single Out, Target, & Racially Profile Hindu Americans***"

[2] Rutgers, the State University of New Jersey ("Rutgers"), Jonathan Holloway ("Holloway"), Jeffrey Robinson ("Robinson"), Enobong (Anna) Branch ("Branch"), Jaqueline S. Mattis ("Mattis"), Lucille Foster ("Foster"), Corrine Castro ("Castro"), and Audrey Truschke ("Truschke") (collectively, "Defendants") (Holloway, Robinson, Branch, Mattis, Foster, Castro, and Truschke collectively, "Individual Defendants").

1

U.S. Higher Education and at Rutgers" (the "Report") compiled by a Rutgers University Task Force on Caste Discrimination (the "Task Force"). Among other things, the Report *recommended* adding "caste" as a protected class to Rutgers' existing anti-discrimination policy. Plaintiff takes issue with this non-binding *recommendation* and alleges a host of constitutional and other claims based upon the Task Force's issuance of the Report. On January 13, 2025, however, Rutgers announced that it would not be amending its anti-discrimination policy, declining to adopt or otherwise implement the Task Force's non-binding *recommendations* to, among other things, add "caste" as a protected class.

## **No Subject Matter Jurisdiction Under Rule 12(b)(1)**

As a threshold matter, Plaintiff lacks standing to prosecute his supposed claims in this case. Plaintiff was a participant in a ten-hour online-only continuing education certificate program offered through Rutgers' Continuing Studies Department for Executive Leadership in Government, entitled "DEI for Public Managers." Plaintiff participated in this program remotely, from his home in North Carolina. Plaintiff's allegations – namely, that he has stopped wearing religious attire, celebrating religious holidays, participating in and donating to a religious affinity group, and adhering to his preferred diet due to the Task Force's non-binding *recommendation* to amend Rutgers' anti-discrimination policy – defy common sense, and beg the question: How could a Task Force's non-binding

2

*recommendation*, that has not been adopted or otherwise implemented by a university located in New Jersey possibly restrict the offline behavior of an individual participating in a remote certificate program while situated in North Carolina? The FAC is devoid of any facts to answer this question, let alone establish an injury to confer Plaintiff with Article III standing.[3]

Even if Plaintiff had standing – and he does not – Rutgers' decision not to adopt the Task Force's non-binding *recommendations* renders his supposed claims moot. As noted above, Rutgers rejected the Task Force's non-binding *recommendation* of adding "caste" to its anti-discrimination policy. As a result, Plaintiff's prayers for relief – namely, to prevent Rutgers from enforcing the Report – has already occurred without the need for court intervention.

Finally, Plaintiff's claims are not ripe for judicial review. There is no case or controversy for a court to adjudicate, and there will be no hardship to Plaintiff if judicial intervention is denied. The Task Force did nothing more than issue non-binding *recommendations*. Unless, and until, Rutgers decides to implement the Task

---

[3]    This is not the first time Plaintiff, appearing *pro se,* and while residing in North Carolina, has filed suit to prohibit "caste" discrimination by an entity in a locale far from Plaintiff's home. As discussed in more detail below, Plaintiff filed suit in the United States District Court for the District of Washington when the City of Seattle enacted an ordinance that added "caste" discrimination to its anti-discrimination policy. Both the District Court and the Court of Appeals for the Ninth Circuit rejected Plaintiff's claims finding, among other things, that Plaintiff lacked standing.

Force's suggestion to add "caste" as a protected class to Rutgers' anti-discrimination policy, adjudicating this matter is premature insofar as it rests upon contingent future events that are not likely to ever occur because Rutgers just announced – eight weeks ago – that it will not adopt the recommendations of the Task Force. Currently, there is nothing for a court to invalidate, strike down, or issue an injunction against, and claims of potential harm that are contingent on future events are not cognizable.

## Failure to State a Claim Under Rule 12(b)(6)

Even if Plaintiff could meet the threshold Article III requirements of standing, mootness and ripeness – and he cannot – Plaintiff has failed to state valid claims upon which relief can be granted:

***First***, Plaintiff's prolix 50-page, 231-paragraph FAC violates the federal pleading requirements set forth in Federal Rules of Civil Procedure 8(a)(2) and 8 (d)(1). And to make matters worse, Plaintiff engages in improper group pleading, failing to provide Defendants with notice of what Plaintiff's supposed claims are as to *each* defendant and on what factual grounds they rest. *Marchisotto v. Malik*, No. 20-20426, 2022 U.S. Dist. LEXIS 114921, at *19 (D.N.J. June 29, 2022) (Quraishi, J.).

***Second***, Plaintiff's Title VI claim fails because this section of the Civil Rights Act protects from discrimination on the basis of "race, color, or national origin." Although Plaintiff occasionally sprinkles the terms "Indian" or "South Asian" into

his FAC, he merely uses those words as synonyms for "Hindu." Plaintiff asserts no facts in the FAC to support a claim of discrimination by Defendants based on race, color or national origin that are unrelated to his religious discrimination claim.

*Third*, Plaintiff's First Amendment – Free Exercise claim fails because the Task Force's Report, and its non-binding *recommendations*, are not a law or policy. Additionally, the Report is neutrally worded.

*Fourth*, Plaintiff's First Amendment – Establishment Clause claim fails because the Report has neither the principal nor primary effect of religious discrimination, is not coercive, and does not approve or disapprove of any religion.

*Fifth*, Plaintiff's Fourteenth Amendment Equal Protection claim fails because the Report is facially neutral, lacks a racially disparate impact, and there are no facts that plausibly suggest it was designed with discriminatory intent.

*Sixth*, Plaintiff's Fourteenth Amendment Due Process claim fails because the Report is not a law that can be challenged for vagueness.

*Seventh*, Plaintiff's obscure Conspiracy to Interfere with Civil Rights and Free Association Rights claim fails because Plaintiff's allegations are against Defendants in their official capacities, as "an arm of the State of New Jersey," not as private individuals. Plaintiff also utterly fails to set forth the kind of well-pleaded facts necessary to plausibly establish the existence of a conspiracy.

*Eighth*, Plaintiff's Interference with Right to Contract, Breach of Contract,

and Breach of Implied Covenant of Good Faith and Fair Dealing claims fail as a matter of law because, among other things, nowhere does Plaintiff identify the contract that supposedly exists between Plaintiff and Rutgers or, more importantly, what specific provision(s) were breached.

*Finally*, Plaintiff's New Jersey Law Against Discrimination ("NJLAD") claim fails because Plaintiff does not allege any well-pleaded facts to support his claim under the NJLAD, but rather merely engages in the formulaic recitation of the elements of a supposed NJLAD claim.

For all the above reasons and the points and authorities stated herein, Defendants' Motion to Dismiss should be granted.

## STATEMENT OF FACTS

Plaintiff's FAC contains eight causes of action:

(1)    Title VI of the Civil Rights Act (ECF No. 6, FAC at ¶¶ 151-66);

(2)    First Amendment – Free Exercise Clause (*Id.* at ¶¶ 167-77);

(3)    First Amendment – Establishment Clause (*Id.* at ¶¶ 178-83);

(4)    Fourteenth Amendment – Equal Protection Clause (*Id.* at ¶¶ 184-90);

(5)    Fourteenth Amendment – Due Process Clause (*Id.* at ¶¶ 191-99);

(6)    Civil Conspiracy (*Id.* at ¶¶ 200-04);

(7)    Interference with Right to Contract, Breach of Contract, Implied Covenant of Good Faith and Fair Dealing (*Id.* at ¶¶ 205-14); and

(8)    New Jersey Law Against Discrimination (*Id.* at ¶¶ 215-30).

6

In August 2024, the Task Force – consisting of nine representatives drawn from the Rutgers student body, faculty, and administration, published its Report on caste-based discrimination at Rutgers.[4] *Id.* at ¶ 6. Individual Defendants Castro and Truschke co-chaired the Task Force. *Id.* at ¶¶ 25-26. The 63-page Report defined "caste," laid out the harms of alleged "caste-based discrimination," argued for "caste" as a protected category and suggested educational interventions. Soos Decl., Ex. 1 at p. 4. Ultimately, the Task Force had four non-binding recommendations: (1) adding "caste" as a protected category to Rutgers' nondiscrimination policy; (2) advertising the current policy and future changes to all university community members; (3) using educational opportunities to create awareness and change regarding "caste"; and (4) collecting more data on "caste-based discrimination" on campus. *Id.* Critically, when the Report was posted, Rutgers issued the following disclaimer, in bold-face type:

---

[4]     Although Plaintiff did not attach a copy of the Report to his FAC, the FAC includes numerous references to and direct quotations from the Report. Because Plaintiff relies on the Report as the basis of his supposed claims in this matter, the Court may look to the content of the Report on a motion to dismiss. *In re Philips/Magnavox TV Litig.,* No. 09-3072, 2010 U.S. Dist. LEXIS 91343, at *15 n.4 (D.N.J. Sept. 1, 2010); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196-97 (3d Cir. 1993) ("When a complaint relies on a document … the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished."). For the Court's convenience, a copy of the Report, along with the Rutgers University Statement that accompanied the Posting of this Report, is provided as Exhibit 1 to the accompanying Declaration of Jeffrey Soos ("Soos Decl.") filed herewith.

> **The posting of this report does not reflect the University's agreement with, or adoption of, the findings and conclusions set forth in the report. As it does with all task forces, the university will review and assess the recommendations in the report.**

Soos Decl., Ex. 1.

On September 25, 2024, after the Task Force's Report was issued, Plaintiff registered for a certificate program through Rutgers' Continuing Studies Department for Executive Leadership in Government entitled "DEI for Public Managers"[5]. FAC at ¶ 15. Plaintiff participated in this ten-hour online-only program from his home in North Carolina. *Id.* at ¶ 14. The DEI for Public Managers course consisted of four 2.5-hour Zoom sessions, each with corresponding pre-Zoom "homework" including reading assignments and questions to be prepared to discuss.[6] Participants could

---

[5]    *See* Diversity, Equity, and Inclusion for Public Managers – Rutgers University Continuing Studies Center for Executive Leadership in Government, https://celg.rutgers.edu/diversity-equity-and-inclusion-public-managers (last visited Mar. 24, 2025). The Court may consider information on Rutgers' website, which is a matter of public record, as part of a motion to dismiss, pursuant to Fed. R. Evid. 201, which permits a court to take judicial notice of a fact "not subject to reasonable dispute in that it is…capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid. 201.* "Taking notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment so long as the facts are noticed in accordance with the Federal Rules of Evidence." *Rogers v. New Jersey*, No. 2:23-cv-12561, 2024 U.S. Dist. LEXIS 114709, at *4 n.2 (D.N.J. June 28, 2024); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,* 261 F. Supp. 2d 293, 294 (S.D.N.Y. 2003) ("[i]n resolving a Rule 12(b)(1) motion, the Court may consider matters outside the pleadings.") (citing *Luckett v. Bure,* 290 F.3d 493, 496-97 (2d Cir. 2002)).

[6]    *Id.*

complete the "homework" on their own schedule, so long as they were prepared for the next Zoom session, and needed to complete all four sessions to earn a certificate.[7] The Zoom sessions and course materials were accessible through Canvas, an online portal, *i.e.,* there was no in-person component to the course, and all participants took the course virtually.[8]

On January 13, 2025, Rutgers announced that after reviewing and considering the Task Force's Report, it would not amend the current non-discrimination policy to add "caste" because "caste" was covered by existing protected classes of religion, ancestry, national origin, and race.[9] Soos Decl., Ex. 2 at 1 ("After careful review, the university has determined that current university policy and protected class categories provide protections against caste discrimination.").

Nonetheless, Plaintiff alleges that Rutgers "either intentionally or implicitly intended to wrongly and unfairly target members of the Indian/South Asian community and adherents of the Hindu religion for disparate treatment" by publishing the Task Force's Report. FAC at ¶¶ 6-8. Although Plaintiff claims that Rutgers has engaged in "egregious anti-Hindu hate, discrimination, and harassment"

---

[7]    *Id.*

[8]    *Id.*

[9]    University January 13, 2025 Response to Task Force on Caste Discrimination Report, https://laborrelations.rutgers.edu/updates-announcements (last visited Mar. 24, 2025).

(*id.* at ¶ 5), he cites no incidents, occurrences, policies, or procedures – other than the Task Force's Report and recommendations – as the basis for his allegations. Instead, the majority of Plaintiff's 231-paragraph FAC appears to be nothing more than a screed against Defendant Truschke, critiquing her social media posts, writings, and organizational partners from 2018 and present. *See id.* at ¶¶ 36-74.

On January 18, 2025, counsel for Defendants wrote to Plaintiff and apprised him of Rutgers' decision not to adopt the non-binding *recommendations* set forth in the Task Force's Report, and requested that Plaintiff voluntarily withdraw his FAC. *See* Soos Decl., Ex. 3. Plaintiff refused. *Id.*

Finally, as noted above, this is not the first time Plaintiff has challenged an effort to proscribe "caste" discrimination. By his own admission, Plaintiff filed a similar lawsuit against the Seattle City Council after it expanded its anti-discrimination laws by adding "caste" as a protected class. FAC at ¶ 17. In that case, Plaintiff alleged nearly identical causes of action and injuries to the instant matter. *See Bagal v. Sawant, et al.,* No. 23-721, 2024 U.S. Dist. LEXIS 41290 (D. Wash. Mar. 8, 2024); Soos Decl., Ex. 4.  Plaintiff claimed that in violation of the First and Fourteenth Amendments, the City of Seattle's anti-discrimination ordinance would create a general stigma and target those who practice the Hindu religion and/or those that are of South Asian descent. *Id*. Both the United States District Court for the District of Washington and the Court of Appeals for the Ninth Circuit were

unconvinced by Plaintiff's arguments and dismissed his case for lack of standing. *Id.; see also Bagal v. Sawant, et al.,* No. 24-1488, 2025 U.S. App. LEXIS 1257, at *3 (9th Cir. Jan. 21, 2025); Soos Decl., Ex. 5.

The foregoing facts, which are drawn directly from Plaintiff's FAC and the documents cited therein, together with the case law and authorities discussed below, compel dismissal of each claim pled in the FAC with prejudice because any effort to amend would be futile. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

## ARGUMENT

### I.   APPLICABLE LEGAL STANDARDS

#### A.  12(b)(1) – Subject Matter Jurisdiction

A court must grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) if it lacks subject matter jurisdiction to hear a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A challenge to a court's subject matter jurisdiction due to standing is properly brought via a motion under Federal Rule of Civil Procedure 12(b)(1). *See Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007).

"The question of standing is a threshold inquiry in all actions." *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 264 (3d Cir. 1998). Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III"

11

and at an "irreducible constitutional minimum" requires (1) an "injury in fact[;]" (2) "a causal connection between the injury and the conduct complained of[;]" and (3) a likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's lack of standing means this Court lacks subject matter jurisdiction to hear Plaintiff's claims and/or grant him any of the relief he seeks.

Because mootness also implicates the subject matter jurisdiction of the federal courts under Article III, a mootness challenge is never waivable. *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 346-47 (3d Cir. 2003). "If one or more of the issues involved in an action become moot . . . the adjudication of the moot issue or issues should be refused." *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985). As shown below, Plaintiff's claims are moot because Rutgers not only never adopted the non-binding *recommendations* in the Task Force's Report but expressly decided – after Plaintiff sued – not to adopt the Report's recommendations and not to change its anti-discrimination policy. The relief Plaintiff seeks cannot be implemented by this Court because there is no policy, action, law, or regulation to invalidate. Therefore, Plaintiff's claims are moot.

Similarly, Plaintiff's claims are not ripe for adjudication and therefore this Court does not have subject matter jurisdiction to hear them. Any party to the litigation – as well as the judge – may challenge a case as unripe at any stage in the

litigation. *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). "The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). The standing doctrine's requirement of an imminent injury requirement overlaps with the ripeness doctrine's sufficient hardship inquiry; they are essentially two sides to the same coin. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 n.8 (2007). Plaintiff's FAC fails to present a case ripe for judicial review.

### B. 12(b)(6) – Failure to State a Claim upon Which Relief Can Be Granted

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

13

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (internal quotations omitted). Nor is the Court required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, No. 13-1703, 2018 U.S. Dist. LEXIS 49953, at *8 (D. Del. Mar. 27, 2018). Further, "[t]he plausibility standard is not akin to a 'probability requirement;'" the well-pleaded facts must do more than demonstrate that the conduct is "'merely consistent with' a defendant's liability" as to "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-79.

Regardless of the varying labels Plaintiff has affixed to his allegations, the face of the FAC (and the documents directly referenced in the FAC), confirms that all of Plaintiff's claims are deficient and fail as a matter of law.

## II.    **THE COURT SHOULD DISMISS ALL COUNTS BECAUSE IT LACKS SUBJECT MATTER JURISDICTION**

### A. *Plaintiff's Claims Fail Because Plaintiff Lacks Standing*

The "irreducible constitutional minimum" of standing requires three elements:

> First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

14

*Lujan*, 504 U.S. at 560-61 (internal citations omitted). Plaintiff bears the burden of establishing these elements. *Id.* at 561. Plaintiff has not met this burden, and therefore the FAC must be dismissed for lack of standing.

Plaintiff asserts two types of injuries throughout his FAC. First, Plaintiff alleges that the Task Force's Report connects the Hindu religion with a discriminatory and oppressive "caste" system, targeting and creating stigma for those who practice Hinduism. FAC at ¶ 10. Second, Plaintiff argues that the existence of the Task Force's Report has caused him to cease various activities – including wearing certain religious attire, celebrating certain religious holidays, eating a vegetarian diet, volunteering his time with a Hindu organization, etc. – and to self-censor his remarks during continuing education discussions. *Id.* at ¶¶ 118, 120. Although Plaintiff's logic is difficult to follow, Plaintiff appears to fear that others will perceive his religious habits as "caste markers," leading them to believe he is an "oppressor" of those in lower "castes." Plaintiff claims he has abstained from social interactions out of "apprehension regarding potential experiences of discrimination or being associated with such actions." *Id.* at ¶ 127.

However, as a participant in an ***online-only certificate program*** (*see id.* at ¶¶ 14-15), Plaintiff has not suffered, and will not suffer, any particularized or concrete injury as a result of the publication of the Task Force's Report. Plaintiff lives in North Carolina and participated in a ten-hour online continuing education course.

15

*Id.* at ¶¶ 14-15. He is neither a full-time nor a part-time matriculated student at Rutgers. While Plaintiff attempts to put himself in the shoes of on-campus Rutgers students, often citing to "other Hindu Rutgers student members" throughout the FAC, this is improper. Plaintiff cannot claim the experiences of matriculated students as his own to shore up his lack of standing. Standing must be demonstrated separately for each form of relief sought, *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC),* 528 U.S. 167, 185 (2000), and it is not enough to assert a generalized, abstract grievance shared by a large number of similarly situated people. *See Common Cause v. Pennsylvania,* 558 F.3d 249, 258-60 (3d Cir. 2009).

In addition, Plaintiff has not pled this case as a class action, nor sued as a representative party on behalf of members of a class. *Fed. R. Civ. P. 23.* Nor has Plaintiff complied with the pleading requirements for a class action, as set forth in Federal Rule of Civil Procedure 23. And even if he had, "class representatives must meet Article III standing requirements the moment a complaint is filed." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 367 (3d Cir. 2015) (citing *Lewis v. Casey*, 518 U.S. 343, 358 (1996)). A "plaintiff may not maintain an action on behalf of a class against a specific defendant if the plaintiff is unable to assert an individual cause of action against that defendant." *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1096 n.18 (3d Cir. 1975). "If the named plaintiffs bringing a class action claims [sic] do not individually have standing to bring those claims, the case should

be dismissed prior to the class certification process." *Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496, 504 (D.N.J. 2009). Because Plaintiff lacks standing to bring an individual cause of action against Defendants, he likewise cannot do so on behalf of others.

Even if the Court accepts Plaintiff's alleged injuries-in-fact (*i.e.,* refraining from celebrating religious holidays, wearing religious clothing, eating a vegetarian diet, volunteering with religious organizations, and discussing his religion during the DEI program), there is no causal connection between those alleged injuries and any Defendants' conduct. The Task Force's Report is a mere publication, without the weight of law or policy, akin to a scientific study or academic journal article. Issuance of the Report was accompanied by the plain and unambiguous disclaimer, quoted above, that specifically states the Report is only a recommendation, and "does not reflect the University's agreement with, or adoption of, the findings and conclusions set forth in the report." Soos Decl., Ex. 1. Even if Plaintiff asserts that he was injured by self-regulating his behavior, in no way did issuance of the Report require or cause him to do so. Article III requires an alleged injury to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Finkelman v. NFL*, 810 F.3d 187, 193 (3d Cir. 2016). Here, Plaintiff's actions in North Carolina cannot reasonably be attributed to the publication of the Report summarizing the Task

Force's non-binding *recommendations.*

Finally, Plaintiff cannot show that it is "likely, as opposed to merely speculative" that his purported injuries will be redressed by a favorable decision. *Lujan*, 504 U.S. at 561 (internal citations omitted). Any Court intervention in this matter would be speculative because Rutgers did not adopt or otherwise implement the Task Force's non-binding *recommendations*. Plaintiff's prayer for relief asks the Court to "enjoin[] Defendants from enforcing the caste report to the extent that it prohibits discrimination based on caste." FAC at p. 49. However, the Report does not "prohibit" anything – it merely offers non-binding *recommendations*. And because Rutgers has not adopted the non-binding *recommendations* set forth in the Report, there is nothing for the Court to enjoin. In short, Plaintiff's alleged injuries cannot be redressed by a favorable decision because Defendants did not implement policy changes in response to issuance of the Report, nor have they signaled any intent to do so in the future.

### B. Plaintiff's Claims Fail Because They Are Moot

Even if Plaintiff had standing – and he does not – Rutgers' decision on January 13, 2025 not to adopt the Task Force's non-binding *recommendations* renders his purported claims moot. Article III of the United States Constitution gives federal courts jurisdiction over "cases" and "controversies." *U.S. CONST. art. III., § 2, cl. 1.* Federal courts may hear actions only if they involve live disputes. *Hartnett v. Pa.*

18

*State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). A lawsuit must involve an actual controversy at all stages, not only when it is filed. *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 160 (2016). Plaintiff's claims have been mooted by Rutgers' decision not to adopt or implement the Task Force's non-binding *recommendations* to update Rutgers' anti-discrimination policy to include "caste."

While a plaintiff has the burden of initially establishing standing, a defendant must persuade the court that there is no live controversy. *Friends of the Earth,* 528 U.S. at 189. The party urging mootness also bears the burden of showing that it will not "revert" to its prior policy. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 558 n.1 (2017). Here, there is no prior policy to "revert" back to – the Task Force's non-binding *recommendations* were never enacted in the first place. Rutgers reviewed the Task Force's Report and non-binding *recommendations* and made an independent decision that amending the anti-discrimination policy was not necessary. *See* Soos Decl., Ex. 2. This decision renders whatever justiciable case or controversy that may have existed moot and extinguishes subject-matter jurisdiction over Plaintiff's pending claims.

### C. Plaintiff's Claims Fail Because They Are Not Ripe

Courts are disinclined to "entangle[e] themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). Yet that is precisely what Plaintiff seeks here. In determining whether a controversy is "ripe" for adjudication,

courts look to two factors: (1) "the fitness of the issues for judicial decision" and (2) the hardship to the parties of withholding court consideration. *Id.* at 149. Putting aside the issues of mootness and standing discussed above, Plaintiff's claims are not fit for judicial decision and there will be no hardship if the Court does not address them.

Although the Task Force published its Report in August 2024, Rutgers did not adopt the Report's non-binding *recommendations* and made no changes to its anti-discrimination policy. Soos Decl., Ex. 2. There can be no live case or controversy based upon the mere publication of non-binding *recommendations*, especially when the decision has been made not to act upon them. Plaintiff's FAC is rife with speculative injuries he deems *will* occur *if* Defendants add "caste" to the Rutgers anti-discrimination policy. At this juncture, when the anti-discrimination policy has **not** been amended to add "caste" as a protected category, the purported repercussions of such a policy change – and Plaintiff's alleged injuries – are entirely theoretical and contingent on future events which may, or may not, occur. *Texas v. United States,* 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon continent future events that may not occur as anticipated, or indeed may not occur at all.") (internal citations omitted). Such non-existent issues are neither fit for judicial decision nor capable of creating hardship for any party.

III.    **THE FAC FAILS TO COMPLY WITH RULE 8**

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation in the complaint "be simple, concise, and direct." *Fed. R. Civ. P. 8(a)(2), (d)(1)*. "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). A complaint must "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]" *Glover v. FDIC*, 698 F.3d 139, 147 (3d Cir. 2012) (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)); *Karupaiyan v. Naganda*, No. 21-2560, 2022 U.S. App. LEXIS 3170, at *3 (3d Cir. Feb. 3, 2022). Although courts construe *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's FAC completely fails to comply with Rule 8.

### A. Improper Group Pleading

The eight-count FAC inappropriately groups Defendants together, failing to specify their purported individualized conduct. To be a "plain" statement, a claim should identify specific defendants and their discrete actions. *Id.* at 93. Mere "conclusory allegations against defendants as a group" that fail "to allege the personal involvement of any defendant" are insufficient. *See, e.g., Galicki v. New*

*Jersey*, No. 14-169, 2015 U.S. Dist. LEXIS 84365, at *8 (D.N.J. June 29, 2015). Instead, a plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* at *2; *Sheng-Wen Cheng v. Byrd*, No. 24-5345, 2024 U.S. Dist. LEXIS 148974, at *4 (D.N.J. Aug. 20, 2024) (dismissing claims against individual defendants for failure to comply with Rule 8).

"Group pleading is improper because it does not give proper notice or allow the court to separate out liability." *Nabelsi v. Holmdel Twp.*, No. 20-20702, 2021 U.S. Dist. LEXIS 228910, at *5 (D.N.J. Nov. 30, 2021); *see also Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 U.S. Dist. LEXIS 40832, at *33 (D.N.J. July 18, 2005) (finding the "Complaint fails to satisfy even the liberal notice pleading standard of Rule 8(a) because Plaintiff fails to differentiate between the defendants").

Courts in this Circuit have consistently rejected group pleading. *See*, *e.g.*, *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 U.S. Dist. LEXIS 168019, at *7 (D.N.J. Dec. 16, 2015) (dismissing complaint because it "fails to separate out the liability for each defendant"); *Nabelsi*, 2021 U.S. Dist. LEXIS 228910, at *4-5 (noting that the complaint "fails to link any of its claims to specific defendants, and thus borders on impermissible group pleading"). The Court should do the same here and dismiss the FAC.

Plaintiff completely fails to link his claims to specific defendants or separate out each defendant's supposed individual liability. The FAC alleges that all the

Defendants acted in unison, without delineating the actions of each Defendant, or explaining under what circumstances they acted or failed to act. *See* FAC at ¶¶ 35-86. The FAC identifies the Individual Defendants by name *only once* in the entire pleading (with the exception of Truschke). *Id.* at ¶¶ 20-25. And nowhere does the FAC tie a particular defendant to a specific act of alleged wrongdoing. Plaintiff's group pleading is especially problematic here because statutes like §1983 require personal involvement, and blindly imputing the actions of defendants interchangeably to one another does not allow each defendant's alleged liability to be determined. Accordingly, the FAC should be dismissed because "it simply fails to place every named defendant on notice of the claims against each of them." *Marchisotto*, 2022 U.S. Dist. LEXIS 114921, at *19.

### B. Failure to Plead a Short and Plain Statement

The FAC is 50 pages long and contains 231 numbered paragraphs. Further, the FAC does not begin listing the specific claims Plaintiff purports to assert until page 34 (FAC ¶ 151), and it contains a 15-paragraph, 3-page prayer for relief. Plaintiff has named eight defendants and cited a host of federal and state laws/statutes as bases for the relief he seeks. The FAC, however, fails to explain how each of those defendants violated his rights under those laws/statutes. Instead, the FAC provides a disjointed conclusory narrative that includes descriptions of, among other things, social media posts written by Suraj Yengde, a Harvard scholar whose

23

research Plaintiff disagrees with, and an organization called "Equality Labs" that Plaintiff criticizes. *Id.* at ¶¶ 56-68. That narrative is unconnected to any potential claims or purported grounds for liability. Where, like here, there is no clear connection or causal relationship between Plaintiff's myriad allegations and Defendants' alleged conduct, the FAC must be dismissed. *Karupaiyan*, 2022 U.S. App. LEXIS 3170, at *4; *Archie v. Mercer Cnty. Courthouse*, No. 19-20976, 2023 U.S. Dist. LEXIS 244765, at *10 (D.N.J. Mar. 7, 2023) (Quraishi, J.) (dismissing second amended complaint, finding the allegations unintelligible and no nexus between purported causes of actions and Defendants' conduct).

IV.    **PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211. Plaintiff can make no such showing here. The FAC is replete with generalized, conclusory allegations, fails to differentiate among the alleged conduct of the various named defendants, and is legally deficient on its face. Accordingly, the FAC should be dismissed for failure to state a claim.

### A. Plaintiff's Title VI Claim Fails As a Matter of Law (Count One)

In Count One, Plaintiff claims that Defendants violated Title VI of the Civil Rights Act of 1964, which is labelled "Intentional Discrimination and Hostile Environment Towards Hindu Students." FAC at ¶¶ 151-66. Title VI states, "No

24

person in the United States shall, on the ground of race, color, or national origin, be

excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance."

*42 U.S.C. § 2000d et seq.*

To state a claim of a Title VI violation, Plaintiff must show that Defendants'

program or activity intentionally treats individuals differently based on their race,

color, or national origin (disparate treatment) or Defendants' seemingly neutral

policy or practice has a disproportionately negative impact on a particular racial,

color, or national origin group (disparate impact). *See Griggs v. Duke Power Co.*,

401 U.S. 424, 430–31 (1971).

Plaintiff has not pled sufficient facts to show that Defendants violated Title

VI because the FAC only discusses the supposed plight of Hindu students at Rutgers,

not Plaintiff, and Plaintiff's arguments about Hindu students are irrelevant to his

Title VI claim, because Hinduism is a religion, not a race, color, or country. Plaintiff

does not cite any facts alleging discrimination based on color or nationality.

Throughout his FAC, Plaintiff appears to use the words "Hindu" and "Indian/South

Asian" interchangeably and synonymously, attempting to conflate the two terms and

bolster his Title VI claim.

Federal courts across the country have rejected litigants' attempts to shoehorn

religious discrimination allegations into Title VI claims. *See, e.g., De Leon v. Nat'l*

25

*Coll. of Bus. & Tech.*, 663 F. Supp. 2d 25, 34-35 (D.P.R. 2009) (Plaintiff's Title VI claim that her failing grade in nursing school was due to religious discrimination dismissed because §2000d does not proscribe discriminatory actions on the grounds of religion); *Zinman v. Nova Se. Univ.*, No. 21-cv-60723, 2021 U.S. Dist. LEXIS 165341, at *20-21 (S.D. Fl. Aug. 30, 2021) (Plaintiff's claim conflating his Jewish religious beliefs with race, color, and national origin discrimination dismissed as broad and overgeneralized); *Bhombal v. Irving Indep. Sch. Dist.*, 809 F. App'x 233, 236-38 (5th Cir. 2020) (Plaintiff's Title VI claim of anti-Muslim discrimination dismissed because Title VI does not authorize claims for religious discrimination). Because Plaintiff's FAC contains no facts alleging a genuine Title VI claim based on race, national origin, or color, this claim must be dismissed.

### B.  Plaintiff's Free Exercise Clause Fails as a Matter of Law (Count Two)

Plaintiff's second claim is that Defendants violated the Free Exercise Clause of the First Amendment of the United States Constitution.  FAC at ¶¶ 167-77. The First Amendment states: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..." *U.S. CONST. amend I.*

To establish a violation of the Free Exercise Clause, Plaintiff must first show that a law or policy burdens his free exercise of religion. Then, the burden shifts to Defendants to demonstrate: (1) the law serves a compelling state interest, and (2) the law is tailored in the least restrictive means possible to achieve that compelling state

interest. *See Sherbert v. Verner*, 374 U.S. 398, 406 (1963); *Wisconsin v. Yoder*, 406 U.S. 205, 219 (1972).

Plaintiff has not pled sufficient facts to establish that Defendants violated the Free Exercise Clause of the First Amendment by publishing the Report. As an initial matter, Defendants did not implement a law or policy that "burdens" Plaintiff's "free exercise of religion." *Id.* at 220. Even if the publication of the Task Force's Report is considered law or policy (and it is not), the non-binding *recommendations* contained therein do not infringe on Plaintiff's rights because the Report does not bar any religious practices. For example, the Report does not proscribe Plaintiff (or anyone else) from celebrating religious holidays, wearing religious attire, or observing other tenets of their preferred religion. Therefore, Plaintiff cannot establish the threshold requirement of a Free Exercise Clause violation. Accordingly, Plaintiff's Free Exercise Clause claim must be dismissed.

### C. Plaintiff's Establishment Clause Claim Fails As a Matter of Law (Count Three)

Count Three alleges that Defendants violated the Establishment Clause of the First Amendment of the United States Constitution. FAC at ¶¶ 178-83. The First Amendment states: "Congress shall make no law respecting an establishment of religion…" *U.S. CONST. amend. I.*

To demonstrate an Establishment Clause violation, Plaintiff must show that a government action: (1) has no secular legislative purpose, (2) has the principal or

primary effect of advancing or inhibiting religion, and (3) fosters excessive government entanglement with religion. *Stratechuk v. Bd. of Educ.*, 587 F.3d 597, 604 (3d Cir. 2009) (citing *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971)). Courts also look to whether the action creates state coercion of religious conformity, and whether the action could be construed as endorsement or disapproval of religion. *See Lee v. Weisman*, 505 U.S. 577, 597-98 (1992).

Plaintiff has not pled sufficient facts to state a claim that Defendants violated the Establishment Clause by publishing the Report. First, Plaintiff appears to confuse the Establishment Clause with the Free Exercise clause, claiming that "caste policy" (to be clear, there is no "caste policy" at Rutgers University) is not narrowly tailored to meet a compelling government interest. This is not the test for an Establishment Clause violation, which is explained *supra*.

Plaintiff's Establishment Clause claim also fails because there is no government action: Rutgers did not adopt the non-binding *recommendations* of the Task Force, nor did it amend its anti-discrimination policy to add caste as a protected category. Finally, Plaintiff's claim fails because Defendants in no way elevated one religious denomination over another. *See Larson v. Valente*, 456 U.S. 228, 244 (1982). The Report itself is religiously neutral, neither advocating nor discouraging any specific religion. Contrary to Plaintiff's assertions, it does not define the term "caste" as connected to a particular religion or country. Accordingly, Plaintiff's

Establishment Clause claim must be dismissed.

### D. Plaintiff's Equal Protection Clause Claim Fails as a Matter of Law (Count Four)

Plaintiff's fourth claim is that Defendants violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. FAC at ¶¶ 184-90. The Fourteenth Amendment states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. CONST. amend. XIV.*

To establish an Equal Protection claim, Plaintiff must show that a government action: (1) has a [discriminatory] disparate impact, and (2) is motivated by discriminatory animus. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977). In assessing a potential Equal Protection Clause violation, courts consider the following factors:  first, "[t]he historical background of the decision[;]" second, "[t]he specific sequence of events leading up to the challenged decision"; third, departures from normal legislative procedures; fourth, whether the effect of the action "'bears more heavily on one [suspect class] than another'"; and finally, legislative history. *Id.* at 267. These factors are not exhaustive, and no single factor is individually dispositive. *Id.* at 266-67. "Whenever a challenger claims that a…law was enacted with discriminatory intent,

29

the burden of proof lies with the challenger." *Abbott v. Perez*, 585 U.S. 579, 603 (2018).

Plaintiff has not pled sufficient facts to state a claim that Defendants violated the Equal Protection Clause by publishing the Report. Plaintiff claims that Defendants' actions have resulted in "selectively targeting Hindu Americans as a suspect class for racial profiling and monitoring." FAC at ¶ 186. He asserts that use of the words "caste," "Brahmin," and "Dalit" in the Task Force's Report have created "suspect classes" of Hindu and Indian/South Asian Rutgers students. *Id.* at ¶ 188. However, these allegations do not support Plaintiff's Equal Protection claim because ***Rutgers implemented no "official action."*** *Arlington Heights,* 429 U.S. at 267. Plaintiff's conclusory assertions that the Task Force's non-binding *recommendations* single out and target Hindu students are not supported by any adequately pled specific allegations of fact. The Task Force's Report and policy recommendations are facially neutral because they denigrate all discrimination based on "caste," regardless of whether the perpetrator is Hindu or South Asian, or of any other religion or nationality. Likewise, Plaintiff's assertion that the Report "targets" Hindu students is simply inaccurate; the Task Force's sole purpose was to study and make recommendations regarding the phenomenon of "caste" discrimination. Soos Decl., Ex. 1. For these reasons, Plaintiff's Equal Protection claim fails as a matter of law and should be dismissed.

### E. Plaintiff's Due Process Clause Claim Fails as a Matter of Law (Count Five)

In Count Five, Plaintiff alleges Defendants violated the Due Process Clause of the Fourteenth Amendment because the term "caste" in the Report is unconstitutionally vague. FAC at ¶¶ 191-99. The Fourteenth Amendment states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law...." *U.S. CONST. amend. XIV.* Ordinances and criminal statutes that do not give fair notice about what conduct is forbidden, can be found "void for vagueness" because they violate the Due Process Clause. *See, e.g., Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972).

To establish a vagueness violation under the Due Process Clause, Plaintiff must show that a law or policy fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983). Plaintiff must also demonstrate that the objected-to law "threatens to inhibit the exercise of constitutionally protected rights." *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 499 (1982).

Plaintiff has not pled sufficient facts to support his Due Process Clause claim because the FAC does not discuss any *law*. Plaintiff claims that "The caste report is

31

so vague that people of ordinary intelligence do not know what conduct is prohibited by the addition of castes to Rutgers Policy." FAC at ¶ 195. This claim is deficient as a matter of law because the Report was never adopted or turned into policy; it is not a government law, statute, or regulation; it has no force of law, and it does not prohibit any conduct. Because Plaintiff does not challenge any law, Plaintiff's Due Process Clause claim should be dismissed.

Additionally, the Report's use of the word "caste" cannot reasonably be considered at all vague. The Report contains a preliminary five-page section entitled "Defining Caste." The Report then goes on to define "caste" as "an inherited and immutable social hierarchy with uneven power relations between groups." As a result, Plaintiff has also failed to meet his burden of demonstrating that the term "caste" is unconstitutionally vague in order to prevail on a theory of lack of fair notice, *Hoffman Estates*, 455 U.S. at 495, and for this reason his Due Process Clause claim should also be dismissed.

### F. Plaintiff's 42 U.S.C. §1985(3) Claim Fails As a Matter of Law (Count Six)

In Count Six, Plaintiff asserts a cause of action pursuant to 42 U.S.C. §1985(3). FAC at ¶¶ 200-204. This statute provides a private cause of action for damages where:

> [T]wo or more persons…conspire…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws….

32

*42 U.S.C. §1985(3).*

This statute, created to give recourse to individuals subject to violent voter intimidation after the Civil War, requires the existence of a ***private*** conspiracy. *Barnes Found. v. Twp. Of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). At minimum, the statute necessitates naming two or more private actors. *Brumfield v. Atl. City Hous. Auth.,* 21-cv-16061, 2025 U.S. Dist. LEXIS 9150, at *27-28 (D.N.J. Jan. 17, 2025).

Plaintiff has not pled sufficient facts to state a claim that Defendants violated 42 U.S.C. §1985(3). Plaintiff has named each individual Defendant in his or her official capacity only (FAC ¶¶ 20-26), and, as discussed above, has otherwise failed to identify the allegedly wrongful conduct by each individual Defendant. There are no ***private*** actors named in this litigation, and thus no one to form a ***private*** conspiracy. The FAC also does not assert any alleged facts to support a conspiracy to deprive a person or a class of persons equal protection, privileges, or immunities under the law. Therefore, Count Six of the FAC should be dismissed as a matter of law.

### G. Plaintiff's 42 U.S.C. §1981 Contract Claims Fail As a Matter of Law (Count Seven)

Count Seven of Plaintiff's FAC purports to assert contract-based claims under 42 U.S.C. §1981(a) and (b) including Interference with Right to Contract, Breach of Contract and Implied Covenant of Good Faith and Fair Dealing. FAC at ¶¶ 205-14.

Section 1981(a) states that:

> All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue, be
> parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property as is enjoyed by white
> citizens, and shall be subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other. #
> #
> *42 U.S.C. §1981(a)*. #
> #

 "[A] plaintiff cannot state a claim under §1981 unless he has (or would have) rights

under the existing (or proposed) contract that he wishes 'to make and enforce.'"

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006).

To establish a breach of contract claim, a plaintiff has the burden to prove by

a preponderance of the evidence that "the parties entered into a contract, containing

certain terms; plaintiffs performed what was required under the contract; defendant

did not fulfill its obligation under the contract; and defendant's breach caused a loss

to plaintiffs." *Pollack v. Quick Quality Rests., Inc.*, 172 A.3d 568, 577 (N.J. App.

Div. 2017) (citing *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (2016)). "A plaintiff

must identify the specific contract or provision that was allegedly breached." *Barker

v. Our Lady of Mount Carmel Sch.*, No. 12-4308, 2016 U.S. Dist. LEXIS 118067, at

*46 (D.N.J. Sept. 1, 2016); *Eprotec Pres., Inc. v. Engineered Materials, Inc.*, No.

10-5097, 2011 U.S. Dist. LEXIS 24231, at *23 (D.N.J. Mar. 9, 2011) ("Failure to

allege the specific provisions of contracts breached is grounds for dismissal.").

As a threshold matter, Plaintiff's claim must be dismissed because there is no

private right of action against a state actor under §1981. *Ford v. S.E. Pennsylvania Transp. Auth.*, 374 F. App'x 325, 326 (3d Cir. 2010). "[T]he express cause of action for damages created by §1983 constitutes the exclusive federal remedy for violation of the rights guaranteed by §1981 by state governmental units." *McGovern v. City of Philadelphia*, 554 F.3d 114, 120-21 (3d Cir. 2009); *Ford*, 374 F. App'x at 326. Although it is not considered a state actor for Eleventh Amendment purposes, Rutgers is treated as a government instrumentality for purposes of constitutional and federal civil rights law. *Child.'s Health Def., Inc. v. Rutgers*, 93 F.4th 66, 76 (3d Cir. 2024). Because a private right of action against a state actor, such as Rutgers, cannot be implied under §1981, Plaintiff's claim against Rutgers fails as a matter of law.

The same conclusion holds true for the Individual Defendants, as their employer is Rutgers, a state actor for purposes of federal civil rights law, and Plaintiff brought claims against each named Defendant in their official capacities. FAC at ¶ 28; *see Rich v. New Jersey*, No. 14-2075, 2015 U.S. Dist. LEXIS 61683, at *15 (D.N.J. May 12, 2015) (dismissing §1981 claims against state and state employees); *Clark v. Winslow Twp. Bd. of Educ.*, No. 10-4342, 2011 U.S. Dist. LEXIS 12981, at *7-8 (D.N.J. Feb. 9, 2011) (dismissing §1981 claims against municipality and municipal employees); *Roper v. Van Mater*, No. 10-2229, 2011 U.S. Dist. LEXIS 131465, at *6-7 (D.N.J. Nov. 15, 2011) (dismissing §1981 claim against state employee's supervisor because §1981 does not create a private right of

action against state actors).

Even if Plaintiff could bring a private right of action against Defendants under §1981 – and he cannot – Plaintiff's claims still fail as a matter of law. *First*, §1981 "on its face, is limited to issues of racial discrimination in the making and enforcing of contract." *Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999). As discussed in Section IV.A., *supra*, Plaintiff brings claims based on his Hindu religion, not his race. As such, Plaintiff's §1981 claim is not cognizable and should be dismissed. *See Davis v. Mothers Work, Inc.*, No. 04-3943, 2005 U.S. Dist. LEXIS 15890, at *7 n.14 (E.D. Pa. Aug. 4, 2005) ("To the extent that Davis intends to bring a religious discrimination claim under §1981, that claim is dismissed because it is well established that §1981 does not cover religious discrimination.").

*Second*, the FAC fails to identify the specific contract or provision that Defendants allegedly breached. Instead, Plaintiff asserts that "Plaintiff and each of the Hindu Rutgers student members agreed, among other things, to pay Rutgers tuition, and Rutgers agreed, among other things, to provide them a discrimination-free environment to be achieved by Rutgers abiding by, and adequately and appropriately enforcing Rutgers's policies." FAC at ¶ 209. Plaintiff further alleges that Rutgers "breached the contract" by "failing to take measures to ameliorate, prevent, and punish the discriminatory, intimidating, and harassing conduct that Plaintiff and other Hindu Rutgers student members have endured and continue to

endure, failing to enforce numerous provisions of Rutgers' policies, failing to meet Plaintiff and other Hindu Rutgers student members' reasonable expectations of the educational benefits to which they are entitled." *Id.* at ¶ 211.

However, Plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff's FAC should be dismissed for this reason alone. Moreover, Plaintiff neither attaches a copy of the "Contract" at issue, nor does he identify the obligation or duty Rutgers purportedly owed under that "Contract" but failed to perform. Plaintiff's failure to plead these essential elements is fatal to his breach of contract claim. By failing to attach the "Contract" or otherwise identify the provisions/duties Rutgers allegedly "breached," Plaintiff improperly leaves Defendants to speculate as to the nature of Plaintiff's claim. *See, e.g.*, *Eprotec Pres., Inc.,* 2011 U.S. Dist. LEXIS 24231, at *23. For the foregoing reasons, Plaintiff's "contract" claim (Count Seven) should be dismissed.

### H. Plaintiff's NJLAD Claim Fails As a Matter of Law (Count Eight)

In Count Eight of the FAC, Plaintiff alleges Defendants violated the NJLAD. FAC at ¶¶ 215-30. To state a claim under the NJLAD, a student must show: (1) there was conduct that would not have occurred but for the student's protected characteristic, (2) that a reasonable student of the same age, maturity level, and protected characteristic would consider sufficiently severe or pervasive enough to create an intimidating, hostile, or offensive school environment and (3) that the

school district failed to reasonably address such conduct. *Jones v. Ewing Twp. Bd. of Educ.*, No. 3:09-cv-3536, 2010 U.S. Dist. LEXIS 119029, at *34 (D.N.J. Nov. 9, 2010) (citing *L.W. v. Toms River Reg'l Schs. Bd. of Educ.*, 915 A.2d 535, 547) (N.J. 2007)); *M.H. v. C.M.*, No. 3:20-cv-01807, 2020 U.S. Dist. LEXIS 199534, at *21, (D.N.J. Oct. 20, 2020).

Plaintiff's claim is deficient on its face because he has failed to plead facts to demonstrate the complained-of conduct would not have occurred but for his Hindu religion. *Okituamah v. Richard O'Meara & Rutgers*, No. A-2001-21, 2023 N.J. Super. Unpub. LEXIS 1491, at *12 (App. Div. Aug. 30, 2023). The FAC merely states "[d]efendants denied Plaintiff the privileges and advantages of public education because of…being a Hindu American/South Asian descent." FAC at ¶ 217. Outside of this conclusory statement, Plaintiff's FAC does not cite any examples of privileges and advantages of public education that he was denied. By his own admission, Plaintiff was able to register for a ten-hour online program and participate in it. FAC at ¶ 15. Plaintiff fails to allege any facts that he suffered any adverse effects – for example, being barred from registration or being dismissed from his program – due to his religion. Thus, Plaintiff has failed to adequately plead a claim for discrimination based on his Hindu religion. *See L.W.*, 915 A.2d at 547.

Plaintiff's NJLAD claim also fails to allege facts to establish conduct that was severe and pervasive to create an intimidating, hostile, or offensive school

environment. *Doe v. Princeton Univ.*, No. 21-20264, 2023 U.S. Dist. LEXIS 33509, at *15-16 (D.N.J. Feb. 28, 2023). "In assessing a hostile environment claim, the focus is on the harassing conduct itself and not its effect on the plaintiff or on the work environment." *Okituamah*, 2023 N.J. Super. Unpub. LEXIS 1491, at *14 (internal citations omitted). The only conduct Plaintiff identifies is the mere publication of the Task Force Report, which occurred in August 2024. FAC at ¶ 6. Notably, the Report was published *before* Plaintiff enrolled in his online course. The one-time publication of the Report cannot reasonably be considered "severe or pervasive," let alone to have created a "hostile school environment."

Finally, the FAC does not contain any facts that Defendants were notified of discrimination or harassment of Plaintiff and failed to act. The conclusory assertion that "Rutgers leadership and administration knew of the harassment and discrimination, yet failed to take effective measures to address [it]" is not sufficient to state a claim for a violation of the NJLAD. *See* FAC at ¶ 220.

In sum, Plaintiff's FAC does not fulfill the requirements of an NJLAD claim. Merely parroting a formulaic recitation of the required elements – which Plaintiff does in Count Eight – is not sufficient. Accordingly, Plaintiff's NJLAD claim must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Rutgers respectfully requests that Plaintiff's FAC be dismissed in its entirety. Moreover, because there are no facts that could be pled by Plaintiff to remedy the various deficiencies in his FAC and the liability and damages theories pled therein, any effort to amend would be futile. Therefore, Rutgers respectfully submits that the dismissal be ***with prejudice.***

*Respectfully submitted,*

*s/ Jeffrey Soos*
DanaLynn T. Colao, Esq.
Jeffrey Soos, Esq.
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
*Attorneys for Defendants*