# EXHIBIT 5

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABHIJIT BAGAL,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>KSHAMA SAWANT, et al.,<br><br>  Defendants - Appellees. | No. 24-1488<br><br>Case No: 2:23-0721-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, Senior District Judge, Presiding

Submitted January 16, 2025**
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Abhijit Bagal ("Appellant") appeals the district court's dismissal of his constitutional claims against two former Seattle City Council Members and the current Mayor of Seattle ("Appellees"). Appellant, a resident of North Carolina and

---

  \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

practicing Hindu, asserts a facial challenge to the City of Seattle's Anti-Caste Discrimination Ordinance ("Ordinance"), which adds "caste" as a protected class to the city's anti-discrimination laws related to employment, housing, contracting, and public accommodations. The Ordinance defines "caste" as a "system of rigid social stratification characterized by hereditary status, endogamy, and social barriers sanctioned by custom, law, or religion." Seattle Mun. Code ("SMC") §§ 14.04.030, 14.06.020, 14.08.020, 14.10.020. Appellant argues that the Ordinance violates the Free Exercise and Establishment Clauses of the First Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The district court granted Appellees' motion to dismiss the claims with prejudice, holding that Appellant failed to demonstrate Article III standing. Appellant timely appealed.[1] We have jurisdiction to review the district court's ruling under 28 U.S.C. § 1291, and we affirm.

To establish standing, a plaintiff must demonstrate that, for each claim, (1) the plaintiff has suffered an injury that is "concrete and particularized" and "actual or

---

[1] Besides the foregoing claims, Appellant also raises arguments concerning a claim of conspiracy under 42 U.S.C. §§ 1983 and 1985. But Appellant's complaint did not allege any such conspiracy claim, and Appellant does not argue on appeal that he should be given the opportunity to amend his complaint to include such a claim. Thus, we decline to reach that argument. Even if Appellant had requested that we remand to allow him to amend the complaint, he fails to explain why he would have standing to pursue such a claim, so he has not shown that the district court was wrong to conclude that such an amendment would be "futile."

imminent"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) that judicial relief would likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). For determining whether an injury has occurred in a pre-enforcement suit, we apply the Supreme Court's three-prong framework: "[A] plaintiff could bring a pre-enforcement suit when he has alleged [(1)] an intention to engage in a course of conduct arguably affected with a constitutional interest, but [(2)] proscribed by a statute, and [(3)] there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159–60 (2014) (internal quotation marks omitted) (applying test to Freedom of Speech Clause pre-enforcement claim); *see also Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 59 (9th Cir. 2024) (applying *Driehaus* test to pre-enforcement Free Exercise Clause claim).

Appellant has not established standing for his claims under the Free Exercise or Equal Protection Clauses. He has not lived in Seattle since 1997 and does not allege that he was, or is likely to be, denied equal treatment or prosecuted by an Ordinance that reaches only within Seattle city limits. *See* SMC § 14.04.040. Appellant speculates that the Ordinance could be enforced against him on a future visit to Seattle for ordering a vegetarian meal or wearing a religious marker called a Mauli thread on his wrist. But these activities are not prohibited by the Ordinance,

and Appellant fails to demonstrate that engaging in them would subject him to a credible threat of prosecution.

Appellant argues that the Ordinance creates stigma toward the Hindu religion, which amounts to disapproval of Hinduism over other religions and causes Appellant to refrain from certain Hindu practices. But the injury of stigma "accords a basis for standing only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct." *Allen v. Wright*, 468 U.S. 737, 755 (1984) (quoting *Heckler v. Mathews*, 465 U.S. 728, 739–40 (1984)). Appellant has offered no plausible connection between his decision to refrain from engaging in certain Hindu practices in North Carolina and a Seattle Ordinance that prohibits none of those activities. *See Cal. Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1019–20 (9th Cir. 2020) (affirming dismissal of parents' Free Exercise Clause claim that school curriculum defining "caste" as "a social and cultural structure as well as a religious belief" unfairly singled out and stigmatized Hinduism, holding parents had not alleged any burden on religious exercise or practice).

Appellant has also not demonstrated that he has a geographical connection to the Ordinance sufficient for standing for an Establishment Clause claim. *Compare Catholic League for Religious & Civil Rights v. City & County of San Francisco*, 624 F.3d 1043, 1048 (9th Cir. 2010) (en banc) (holding "Catholics in San Francisco

. . . have sufficient interest" in whether a San Francisco city resolution disfavors Catholicism and so "well-established standing doctrine entitles them to litigate whether an anti-Catholic resolution violates the Establishment Clause"), *with Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 487 (1982) (holding residents of Maryland and Virigina with organizational headquarters in Washington, D.C. lacked standing to challenge a property transfer in Pennsylvania that they learned about through a news release, in part because they lived beyond the community where the challenged law applied and "the Establishment Clause does not provide a special license to roam the country in search of governmental wrongdoing").

Appellant's remaining Due Process Clause claim fares no better. For the reasons explained above, Appellant has failed to show his intended future conduct is "proscribed by" the Ordinance and that he faces "a credible threat of prosecution thereunder." *Driehaus*, 573 U.S. at 159, 162 (internal quotation marks omitted).

The district court did not err in dismissing Appellant's Equal Protection, Free Exercise, and Establishment Clause claims for lack of standing. Appellant also lacks standing to bring his Due Process claim.

Each party shall bear their own costs.

**AFFIRMED.**